UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE NEWKIRK,

    Plaintiff,

v.                                      CASE NO.:

ANOTHER DAY IN PARADISE BOAT CLUB,
LLC, A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, NICOLE NEWKIRK ("Ms. Newkirk" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pasco County, Florida.

4. Plaintiff worked for Defendant in Pasco County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Ms. Newkirk worked as an Accounts Receivable Manager for Defendant for over three (3) years, from September 21, 2015, until her termination on October 24, 2018.

8. In all respects, Ms. Newkirk was an excellent employee, who had no significant history of non- FMLA related attendance, disciplinary, or performance issues.

9. In February 2017, Ms. Newkirk was hospitalized due to complications stemming from a serious health condition from which she suffers.

10. She entered the hospital with Hemoglobin levels drastically below normal and spent almost a week hospitalized before her levels stabilized.

11. Upon returning to work, Defendant did not inquire into her condition to ascertain whether she required reasonable accommodations, nor did it did advise her of her right to seek FMLA protection for this absence, or any further absences.

12. This failure alone constitutes interference under the FMLA.

13. Instead, Defendant's management made her feel guilty for being hospitalized and due to the harassment, her serious health condition grew worse and her symptoms more exacerbated.

14. Ms. Newkirk required surgery in March 2018, necessitating further time away from work.

15. Again, Defendant failed to advise Ms. Newkirk of her right to seek FMLA protection, and likewise failed to provide her with the required FMLA documentation to protect her absences and any potential future absences.

16. Scared that she might lose her job for missing time away from work due to medical issues, Ms. Newkirk forced herself to work from home until she was able to go back to the office.

17. Had she known she was FMLA eligible and/or of her FMLA rights, she would have taken more time off to heal from same; that, however, was not an option that was presented to her.

18. On October 21, 2018, Ms. Newkirk was admitted to Trinity Medical Center Emergency Room as a result of the serious health condition from which she was suffering.

19. To that end, her blood pressure was dangerously high and, accordingly, she was instructed to be admitted to the hospital for three (3) days so that her medical team could closely monitor her condition.

20. Fearful that she would lose her job based on past threats and interactions from management regarding prior time away from work, she refused to be admitted, but she obeyed her doctor's orders and took three (3) days off before returning to work.

21. At this time, Ms. Newkirk texted her supervisor, Mrs. Reho, a copy of the doctor's note detailing the extent of her condition and the need for time off.

22. Not surprisingly, Mrs. Reho did not even bother to respond to her message and, again, neither advised Ms. Newkirk of her FMLA rights.

23. When Ms. Newkirk returned to work, on October 24, 2018, Defendant immediately terminated her employment.

24. Terminating an employee for utilizing FMLA leave, or what should be FMLA leave, is the very definition of interference and retaliation, under the FMLA. *See* 29 C.F.R. § 825.220(a)(2).

25. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

26. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what should have been proper and authorized FMLA leave.

27. Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

28. Defendant fired Plaintiff because of her need for FMLA protected time away from work.

29. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

30. Defendant did not have a good faith basis for its actions.

## **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

34. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

35. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30, above.

38. At all times relevant hereto, Plaintiff was protected by the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of what should have been, FMLA protected leave.

40. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

41.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

42.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 27th day of August 2019.

Respectfully Submitted,

By**:**/s *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*